**Joe B. SMITH, Appellant,**

v.

**CITY OF DREW and Sunflower County, MISSISSIPPI, Appellees.**

**Marie GERTGE, Appellant,**

v.

**CITY OF CLARKSDALE, MISSISSIPPI, Appellee.**

Nos. 22312, 22323.

United States Court of Appeals
Fifth Circuit.

April 29, 1966.

Henry M. Aronson, Alvin J. Bronstein, Jackson, Miss., Anthony G. Amsterdam, Philadelphia, Pa., R. Jess Brown, C. A. Frerichs, Carsie Hall, Jackson, Miss., Jack Greenberg, Melvyn Zarr, New York City, for appellant Smith.

Henry M. Aronson, Carsie A. Hall, Alvin J. Bronstein, Jackson, Miss., Melvyn Zarr, New York City, Anthony G. Amsterdam, Philadelphia, Pa., for appellant Gertge.

P. J. Townsend, Jr., Champ T. Terney, Jr., James E. Welch, Drew, Miss., for appellees City of Drew et al.

William H. Maynard, Clarksdale, Miss., James A. Phyfer, Jackson, Miss., James E. Upshaw, Clarksdale, Miss., for appellee City of Clarksdale.

Before RIVES and BELL, Circuit Judges, and FULTON, District Judge.

PER CURIAM:

■ These criminal cases, removed under 28 U.S.C.A. § 1443(1), were remanded to the state courts without evidentiary hearings. The removal petitions were sufficient in each instance under notice type pleadings to allege a basis for removal. Rachel v. State of Georgia, 5 Cir., 1965, 342 F.2d 336, Cert. granted, 382 U.S. 808, 86 S.Ct. 39, 15 L.Ed.2d 58.

■ The alleged denials of equal civil rights in the arresting and charging process set out in these removal petitions are no less than the allegations found adequate in Peacock v. City of Greenwood, 5 Cir., 1965, 347 F.2d 679, Cert. granted, 382 U.S. 971, 86 S.Ct. 532, 15 L.Ed.2d 464. In that case we required an evidentiary hearing in the District

Court to ascertain the truth of the allegations. Such a hearing must be had in these cases in the event issue is joined by the filing of answers denying the pertinent allegations.

■ The *Rachel* and *Peacock* cases are pending on certiorari in the Supreme Court and the District Court is directed to stay its hand in these matters until decisions are rendered in those cases. This will afford the District Court such enlightenment as may be forthcoming from those decisions in the further handling of these matters.

Reversed and remanded with directions.